UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL FOLEY,

         Plaintiff,

v.

MICHELLE PONT, *et al.,*

         Defendants.

2:11-cv-01769-ECR -VCF

**O R D E R**

      Before the court is plaintiff Michael Foley's Motion For Service By Publication. (#51).

      Plaintiff filed his motion/application to proceed *in forma pauperis* on November 3, 2011 (#1), which the court granted on November 4, 2011 (#2). The clerk of the court filed plaintiff's complaint on November 4, 2011. (#3). In plaintiff's complaint, he asserts claims against AP Express, AP Express Worldwide, Shera Bradley, Manuel Carranza, Joan Coe, Brenda Dorantes, Michael Dorantes, Patricia Foley, Dino Iantuono, Toni Ann Iantuono, Michelle Pont, Jeffrey Pont, Georgina Stuart, Juan Carlos Valdes, and Viva Productions Las Vegas, LLC. *Id.* Summons were issued as to all defendants on November 7, 2011. (#4). On January 27, 2012, the U.S. Marshals filed an un-executed summons, indicating that the U.S. Marshal or Deputy was unable to locate defendant Juan Carlos Valdes. (#32)[1]. All other defendants have been properly served in this action. (#51).

      On March 30, 2012, plaintiff filed the instant motion for service by publication. *Id.* Plaintiff asks this court to permit service of the summons and complaint on defendant Juan Carlos Valdes by publication with a copy of the summons and complaint to be e-mailed to defendant's published e-mail address. *Id.*

---

[1] The docket entry (#32) is titled "USM Return Executed re 4 Summons Issued, 3 Complaint. Juan Carlos Valdes served on 1/24/2012, answer due 2/13/2012." However, when plaintiff inquired regarding this entry in preparing a motion for default, the clerk of the court confirmed that defendant Juan Carlos Valdes had not been served, as evidenced by the document attached to the docket entry. (#51).

**Service By Publication**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4(e)(1) of the Nevada Rules of Civil Procedure, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons."

Plaintiff asserts that "it is very likely" that defendant Juan Carlos Valdes knows of the pending action against him and that he is attempting to avoid service. (#51). Plaintiff argues that the Marshals "exercised due diligence" in attempting to serve defendant Juan Carlos Valdes at both his last known residence and his last known business address, but have been unable to ascertain his whereabouts. *Id.* Plaintiff asserts that the last known address for defendant Juan Carlos Valdes is 7147 Almnerta Avenue in Las Vegas, NV, but that on his business website, he does not disclose his current business or residential address, and only provides a telephone number and an e-mail address for customers to reach him. *Id.* By way of plaintiff's complaint, plaintiff submits to the court that defendant Juan Carlos Valdes is a necessary party to this action and that a cause of action exists against him. (#3).

The court finds, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), that permitting service by publication of the summons and the complaint on defendant Juan Carlos Valdes is warranted. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii).

Plaintiff asserts that he desires to publish the summons in the Nevada Legal News. (#6-5). As this is a newspaper published in the State of Nevada, the court permits the same. *See* Nev. R. Civ. P. 4(e)(1)(iii). Plaintiff also offered to e-mail a copy of the summons and complaint to defendant Juan Carlos Valdes' published email address: toto@videomaniausa.com.

**Extension For Service**

Fed. R. Civ. P. 4(m) requires a defendant to be served within 120 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The deadline for plaintiff to effectuate service on defendant Juan Carlos Valdes was March 3, 2012. (#3). As plaintiff has demonstrated "good cause" for his failure to effectuate service, the court will extend the 4(m) deadline until June 4, 2012. *See* Fed. R. Civ. P. 4(m).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Michael Foley's Motion For Service By Publication (#51) is GRANTED.

IT IS THEREFORE ORDERED that plaintiff shall also send a copy of the summons and complaint by e-mail to defendant Juan Carlos Valdes' published email address: toto@videomaniausa.com.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i) and (iii), the summons in this action shall be served by publication in the Nevada Legal News for a period of four weeks and at least once a week during that time.

IT IS FURTHER ORDERED that the deadline to effect service of process on defendant Juan Carlos Valdes shall be extended up to and including June 4, 2012.

DATED this 3rd day of April, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**