**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL FOLEY, | 2:11-CV-01769-ECR-VPF |
| Plaintiff, | **Order** |
| vs. | |
| MICHELLE PONT, an individual; JEFFREY PONT, an individual; AP EXPRESS, a California Limited Liability Company; AP EXPRESS WORLDWIDE, a California Limited Liability Company; GEORGINA STUART, an individual; SHERA BRADLEY, an individual; JOAN COE, an individual; JUAN CARLOS VALDES, a citizen of Mexico; MANUEL CARRANZA, a citizen of Mexico; MICHAEL DORANTES, an individual; BRENDA DORANTES, an individual; VIVA PRODUCTIONS LAS VEGAS, LLC (a.k.a. "VIVA PRODUCTIONS"), a business entity; TONI ANN IANTUONO, an individual; DINO IANTUONO, an individual; PATRICA FOLEY, an individual, DOES 1-10; ROES 11-20, | |
| Defendants. | |

This case arises out of allegations of a conspiracy to deprive Plaintiff of his constitutional rights.  Now pending before the Court are Defendant Shera Bradley's Motion to Dismiss (#13) and Plaintiff's Motion to Amend Complaint (#24).  The motions are ripe and we now rule on them.

# I. Background

Plaintiff filed a Motion/Application for Leave to Proceed in Forma Pauperis (#1) on November 3, 2011. We granted (#2) the motion and the Complaint (#3) was filed on November 4, 2011. The Complaint (#3) alleges the following five causes of action: (i) Conspiracy to Deprive Constitutional Rights in violation of 42 U.S.C. § 1985; (ii) Civil Conspiracy to Deprive, Defame, Defraud and Harm Plaintiff; (iii) Intentional Infliction of Emotional Distress; (iv) Intentional Misrepresentation "Fraud"; and (v) False Light.

On January 11, 2012, Defendant Shera Bradley ("Bradley") filed a Motion to Dismiss (#13) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded (#31) on January 26, 2012, and Defendant Bradley replied (#33) on February 1, 2012.

Plaintiff filed a Motion to Amend Complaint (#24) on January 19, 2012. Defendant Bradley responded (#34) on February 1, 2012, and Plaintiff replied (#37) on February 10, 2012.

# II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). However, if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district

court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  The futility analysis determines whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6).  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

### III. Discussion

Plaintiff seeks to amend the complaint in order to formally plead a cause of action for deprivation of civil rights arising under 42 U.S.C. § 1983.  Defendant Bradley points out that Plaintiff has not attached the proposed amended complaint to the Motion to Amend (#24) as required by Local Rule 15-1(a).  For this reason, the Court is unable to analyze the proposed amended complaint in order to determine whether amendment would be futile.  However, given Plaintiff's *pro se* status, and the extremely liberal standard propounded by Rule 15, Plaintiff will be given leave to amend the complaint.

Plaintiff, however, will not be given leave to amend outside the parameters of Local Special Rule 2-1, which provides that "[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this Court."  The form is for the assistance of the Court as well as the party appearing *pro se*, and Plaintiff has not provided a reason for deviating from the established procedure.

### IV. Conclusion

Federal Rule of Civil Procedure 15(a) provides a liberal standard for granting leave to amend a complaint.  Accordingly, Plaintiff will be granted leave to amend in spite of failing to attached the proposed amended complaint as required by Local Rule 15-1.  Further, Plaintiff will be required to conform with Local Special 2-1, which requires *pro se* plaintiffs to utilize the Court's form in filing civil rights claims.

Because the Court grants Plaintiff leave to amend, Defendant Bradley's Motion to Dismiss (#13) is rendered moot and will therefore be denied at this time.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (#24) is **GRANTED**.  Plaintiff shall have twenty-one (21) days within which to file an amended complaint on the Court's form in accord with Local Special Rule 2-1.

**IT IS FURTHER ORDERED** that the Clerk shall forward Plaintiff a copy of the complaint form for *pro se* litigants alleging causes of action arising under 42 U.S.C. § 1983 with instructions.

**IT IS FURTHER ORDERED** that Defendant Bradley's Motion to Dismiss (#13) is **DENIED** as moot.

DATED: April 4, 2012.

_____
UNITED STATES DISTRICT JUDGE

4