**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MICHAEL FOLEY,

          Plaintiff,

v.

MICHELLE PONT, *et al.,*

          Defendants.

2:11-cv-01769-ECR-VCF

**O R D E R**

Before the court is defendant Shera Bradley's Motion for Protective Order Against Michael Foley and Request for Attorneys' Fees and Costs. (#66). Defendant filed an ERRATA on May 24, 2012, attaching an inadvertently omitted exhibit. (#67). On June 5, 2012, plaintiff filed an Opposition to the motion (#81), and on June 15, 2012, defendant Bradley filed a Reply (#93).

Also before the court is defendants Jeffrey Pont, AP Express, LLC, and AP Express Worldwide, LLC's (hereinafter "AP Express Defendants") Motion for Stay of Discovery, Or In the Alternative, Motion for Protective Order and To Quash Subpoena. (#76). Defendant Bradley filed a Joinder on June 4, 2012 (#77), defendant Georgina Stuart filed a Non-Opposition on June 5, 2012 (#79), and defendant Manuel Carranza filed a Joinder on June 6, 2012 (#83). On June 18, 2012, plaintiff filed an Opposition to defendants' motion. (#98). The AP Express Defendants filed a Reply on June 21, 2012. (#102).

**I.    Background**

On November 4, 2011, the court granted plaintiff Foley's motion/application to proceed *in forma pauperis* (#2), the clerk filed the complaint (#3), and summons were issued to the named defendants (#4). On December 27, 2011, the AP Express Defendants, Toni Ann Iantuono, and Dino Iantuono (hereinafter "Iantuono Defendants") filed answers to the complaint. (#8 and #9). The discovery plan and scheduling order was due by February 10, 2012. *Id.* On January 11, 2012,

defendant Bradley filed a motion to dismiss (#13), and the deadline for the discovery plan and scheduling order was moved to February 25, 2012. On January 17, 2012, plaintiff filed an answer to the Iantuono Defendants' counterclaim. (#17). On January 18, 2012, defendants Michael Dorantes, Brenda Dorantes, and Patricia Foley filed answers to the complaint. (#18, #19, and #20). The discovery plan and scheduling order deadline was moved to March 3, 2012. *Id.*

On January 19, 2012, plaintiff filed a motion to amend complaint. (#24). On January 26, 2012, plaintiff filed an opposition to defendant Bradley's motion to dismiss. (#31). On February 1, 2012, defendant Bradley filed a reply in support of her motion to dismiss (#33) and an opposition to plaintiff's motion to amend complaint (#34). The Iantuono Defendants filed a joinder to defendant Bradley's opposition (#35), and plaintiff filed a reply in support of his motion (#37). On February 17, 2012, the AP Express Defendants filed a discovery plan and scheduling order without plaintiff's participation. (#39). The court signed the discovery plan (#40) and issued an order setting an order to show cause hearing so that plaintiff could show cause why sanctions should not be imposed for his failure to comply with LR 26-1(d) (#41).

The AP Express Defendants and plaintiff filed a joint status report on March 1, 2012, and the court vacated the show cause hearing. (#42 and #43). On March 16, 2012, defendant Michelle Pont filed an answer to the complaint (#49), which moved the discovery plan and scheduling order deadline to April 30, 2012. On April 4, 2012, the court entered an order denying defendant Bradley's motion to dismiss as moot (#13) and granting plaintiff's motion to amend complaint (#24). (#53). On April 25, 2012, plaintiff filed his amended complaint. (#55). On April 26, 2012, defendant Stuart filed her answer to the complaint (#54), and on May 8, 2012, defendant Stuart filed her answer to the amended complaint (#60). The discovery plan and scheduling order deadline was moved to June 22, 2012. *Id.*

On May 10, 2012, defendant Bradley filed a motion to dismiss the amended complaint. (#61). On May 15, 2012, Michelle Pont filed a notice of objection to deposition. (#63). On May 16, 2012, defendant Bradley filed a motion for protective order and for attorneys' fees. (#66). On May 25, 2012,

the AP Express Defendants filed a motion to strike amended complaint, or in the alternative, to dismiss amended complaint. (#69). Plaintiff filed an opposition to defendant Bradley's motion to dismiss on May 29, 2012. (#71). On the same day, defendant Manuel Carranza filed a motion to dismiss. (#72). On May 30, 2012, defendant Michelle Pont filed a joinder to the AP Express Defendants' motion to strike amended complaint. (#75). On May 30, 2012, the AP Express Defendants filed an *emergency* motion to stay discovery, or in the alternative, for a protective order and to quash subpoena. (#76).

On June 4, 2012, defendant Bradley filed a joinder to the AP Express Defendants' motions for stay (#77) and to strike (#78). On June 5, 2012, defendant Stuart filed a non-opposition to the AP Express Defendants motion to stay discovery. (#79). On the same day, plaintiff filed an opposition to defendant Bradley's motion for protective order. (#81). On June 6, 2012, defendant Carranza filed a joinder to defendant Bradley's motion to dismiss (#82) and a non-opposition to the AP Express Defendants' motion to stay discovery (#83). On June 7, 2012, Defendant Bradley filed a reply in support of her motion to dismiss. (#85). On June 11, 2012, plaintiff filed an opposition to the AP Express Defendants' motion to strike (#88), and on June 14, 2012, plaintiff filed an opposition to defendant Carranza's motion to dismiss (#92). Defendant Bradley filed an objection to her deposition on June 14, 2012. (#91).

On June 15, 2012, defendant Bradley filed a reply in support of her motion for protective order (#93) and the AP Express Defendants filed a reply in support of their motion to strike (#95). On June 18, 2012, plaintiff filed an opposition to the AP Express Defendants' motion to stay discovery. (#98). On June 19, 2012, the AP Express Defendants filed an objection to plaintiff's second notice of deposition of Jeffrey Pont. (#97). With the exception of the AP Express Defendants' discovery plan and scheduling order filed on February 17, 2012 (#39), prior to plaintiff filing his amended complaint (#55), the parties have not filed a discovery plan and scheduling order in accordance with the Local Rules.

**II.      Motion For Protective Order and Request for Attorneys' Fees and Costs**

On May 11, 2012, plaintiff unilaterally noticed defendant Bradley's deposition for May 17, 2012, and sought the production of documents at the deposition. (#66). Plaintiff has expressed that he intends to examine defendant Bradley regarding her religious affiliation, personal relationship history, alleged sexual assault/traumatic experiences, medical history, family relationships, previous marriages, her father or father figure(s), evaluations of other patients, financial information and earnings history, and student comments as to courses taught at UNLV. *Id.*

Defendant Bradley respectfully requests that this court enter an order (1) vacating plaintiff's improperly noticed deposition; (2) permitting defendant Bradley thirty (30) days to produce the requested documents, subject to all applicable objections; (3) preventing plaintiff from unnecessarily harassing or annoying defendant Bradley by examining her in certain areas; and (4) awarding attorney's fees and costs pursuant to FRCP 26.

### A.   Plaintiff's Claims Against Defendant Bradley

Plaintiff alleges that defendant Bradley, a Psychologist under contract with the Clark County Department of Family Services, "departed from sound and standard practices of her profession, maliciously and intentionally misrepresented and concealed facts, and engaged in a conspiracy with other [d]efendants for the purpose of denying and depriving [p]laintiff Michael Foley his Constitutional right to normal and frequent association with his children." (#55). Plaintiff asserts that Bradley conducted a psychological evaluation and assessment of plaintiff at the direction of defendant Stuart pursuant to a Juvenile Court order, and that Bradley was chosen to conduct the evaluation because Stuart knew that Bradley was "an unfair evaluator, and would give her a negative report about [plaintiff], regardless of how well he scored on his Personality Assessment Inventory and interview..." *Id.*

Plaintiff also asserts that defendant Bradley is known for being unfair, and cites to students' evaluation forms from UNLV as support for this assertion. *Id.* Plaintiff asserts that Bradley's recommendation "stemming from hers hoddy and false report was that if reunification is sought with

4

1 his children'" [plaintiff] should participate in weekly individual psychotherapy to teach him to take
2 responsibility for his actions and to develop more appropriate responses in interpersonal situations."'"
3 *Id.* Plaintiff refutes this finding, and alleges "that Bradley came to these conclusions and made the
4 recommendations because she resents and despises Catholics who pursue virtue and work to maintain
5 the integrity of their marriages and families, and men who oppose their wives' reckless and harmful
6 behaviors." *Id.* Defendant Bradley filed a motion to dismiss plaintiff's amended complaint on May
7 10, 2012, based on immunity and the statute of limitations.   (#61).

### B.    Stay of Discovery

As discussed more fully in section II(D)(2) below, the discovery is stayed pending the court's ruling on defendant Bradley's motion to dismiss these allegations. In light of the stay and the fact that plaintiff is proceeding *pro se,* the court will not award attorneys' fees at this time. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.). However, plaintiff is advised that he is still required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court, and that a failure to comply with these rules could warrant future sanctions. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that pro se parties are not excused from following the rules and orders of the court).

### III.    Motion For Stay of Discovery

On May 11, 2012, plaintiff unilaterally noticed defendant Pont's deposition for May 29, 2012, and requested the production of documents at the deposition. (#76 Exhibit F). Plaintiff asked defendant Pont to bring to his deposition documents pertaining to his divorce, personal financial records, and business activities and financial records of defendants AP Express and AP Express Worlwide. *Id.* Counsel for AP Express Defendants contacted plaintiff, and informed him of their objections as well as of the fact that defendant Pont was not available on the day of the scheduled deposition and that any deposition would need to take place in California. *Id.* Plaintiff agreed to conduct any deposition in

5

California and to vacate the deposition, but later informed counsel that he intended to move forward with the deposition. *Id.* On May 25, 2012, plaintiff sent a subpoena seeking the same document production as he sought in the deposition notice. *Id.* On June 11, 2012, plaintiff unilaterally noticed defendant Pont's deposition again, and this time scheduled it for the exact day and time that plaintiff is scheduled to be deposed. (#97).

### A.   **Plaintiff's Claims Against Jeffrey Pont**

Plaintiff asserts that Jeffrey Pont is the ex-husband of plaintiff's sister, Michelle Pont, and that Jeffrey and Michelle (hereinafter "the Ponts") "made [a] false bad faith report of excessive corporal punishment pertaining to [plaintiff's] daughter "T" to defendant Stuart." (#55). Plaintiff also alleges that the Ponts had offered to adopt plaintiff's child, but he refused, and that the Ponts and others carried out the conspiracy to get the opportunity to become foster parents to plaintiff's children. *Id.* The conspiracy, plaintiff alleges, consisting of the Ponts and others lying to the court and child protective services, resulted in the loss of plaintiff's rights to his children and the award of full custody to plaintiff's ex-wife. *Id.*

### B.   **Anti-SLAPP Motion to Dismiss**

AP Express Defendants ask his court to stay discovery, as defendants filed an anti-SLAPP (Strategic Lawsuits Against Public Participation) motion to dismiss (#69). *Id.* In AP Express Defendants' motion to dismiss, they assert that the complaint should be dismissed because plaintiff improperly "seeks to impose liability on the AP Express Defendants because of Mr. Jeffrey Pont's statements to the police [and] child protective services," and to "punish the named defendants for exercising their right to free speech or for simply doing their jobs" in relation to plaintiff's divorce and child custody matter. (#69).

Nevada's anti-SLAPP provisions, NRS 41.635-670, provide expedited dismissal of state law claims alleged against SLAPP defendants: "[a] person who engages in good faith communication in furtherance of the right to petition is immune from civil liability for claims based upon the

6

communication." NRS 41.650 (emphasis added). To expedite dismissal for defendants who face meritless SLAPP suits, the Nevada legislature provides a unique procedural relief: once a defendant files his anti-SLAPP motion, the court shall stay discovery pending a ruling on the motion and rule on the motion within 30 days. NRS 41.660(3). A stay of discovery is a crucial part of a defendant's relief because SLAPP lawsuits are purposely filed "to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned." *John v. Douglas Cnty. School Dist.*, 125 Nev. 746, 755, 219 P.3d 1276, 1281 (2009) (citing *Us. Ex ReI. Newsham v. Lockheed Missiles & Space Co. Inc*, 190 F.3d 963, 970 (9th Cir. 1999)).

### C.  Protective Order/Quash Subpoena

In the alternative, the AP Express Defendants ask this court for a protective order and to quash the subpoena. (#76). The defendants argue that the documents plaintiff seeks have "no conceivable relevance" to plaintiff's claims, that plaintiff did not comply with Rule 34 in his request for documents, that plaintiff did not confer regarding the time and location of the deposition, and that plaintiff failed to comply with Rule 34 requirements when he issued the subpoena only giving 14 days to respond. *Id.*

### D.  Stay of Discovery

#### 1.  Relevant Law

As discussed above, staying discovery pending the outcome of the AP Express Defendants' anti-SLAPP motion to dismiss is warranted under NRS 41.660(3). Staying discovery is also warranted in light of the claims alleged in plaintiff's amended complaint and the grounds asserted in the pending motions to dismiss. "A district court may ... stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L. Ed.2d 654 (1982); *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir.1979)(emphasis added). While "a pending [m]otion to [d]ismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery," "[c]ommon examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Twin City*

*Fire Ins. Co. v. Employers Ins. Of Wausau,* 124 F.R.D. 652, 655 (D. Nev. 1989)(citing *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982) (district judge properly granted defendants' protective order barring discovery prior to a decision on a pending motion to dismiss for jurisdictional defects); *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70 (N.D.Ohio 1973) (discovery as to defendant partially stayed in patent infringement case where venue would be improper if defendant had not been guilty of infringement in that particular district)). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982) (holding that motions to dismiss by government officials that raise immunity as a ground for dismissal also warrant staying discovery).

The Ninth Circuit has held that staying discovery pending a motion to dismiss is permissible where there are no factual issues raised by the motion to dismiss. *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984). The court may continue to stay discovery when the court is "convinced that the plaintiff will be unable to state a claim for relief" and where "discovery is not required to address the issues raised by [d]efendant's motion to dismiss." *White v. American Tabacco Co.*, 125 F.R.D. 508 (D. Nev. 1989)(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987)).

Although the Ninth Circuit has not issued a ruling enumerating factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending, federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed. *See, e.g.*, *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Id.* In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* If the party moving to stay satisfies both prongs, a protective order may issue;

1 otherwise, discovery should proceed. *Id*.

2 In evaluating the propriety of an order staying or limiting discovery while a dispositive motion
3 is pending, this court considers the goal of Federal Rule of Civil Procedure 1, which states that the rules
4 shall "be construed and administered to secure the just, speedy, and inexpensive determination of every
5 action." *Id.* The court must weigh the expense of discovery with the underlying principle that a stay
6 of discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state
7 a claim for relief. As the court in *Mlenjnecky* stated, taking a "preliminary peek" and evaluating a
8 pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6.
9 The district judge will decide the dispositive motion and may have a different view of the merits of the
10 underlying motion. *Id.*

11 Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to
12 prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting
13 discovery with the goal of accomplishing the objectives of Fed. R. Civ. P. 1. With this Rule as its prime
14 directive, this court must decide whether it is more just to speed the parties along in discovery and other
15 proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery
16 and other proceedings to accomplish the inexpensive determination of the case.

### 2. Pending Motions to Dismiss

18 In determining whether to stay discovery, the court will take a "preliminary peek" at the pending
19 motions to dismiss plaintiff's amended complaint (#61, #69 and #72) and the joinders thereto (#75, #78
20 and #82). *See, Mlenjnecky*, 2011 WL 489743, at *6. Plaintiff's amended complaint asserts claims for
21 (1) civil rights violations: "[t]he right to free, normal and equal access, communication and society with
22 [his] children, freedom from false allegations of abuse and deprivation of freedom," (2) conspiracy to
23 deprive constitutional rights in violation of 42 U.S.C. § 1985(3), (3) civil conspiracy to deprive, defame,
24 defraud and harm plaintiff, (4) intentional infliction of emotional distress, (5) intentional
25 misrepresentation (fraud), (6) defamation, (7) false light, and (8) negligence. (#55).

9

1   In defendant Bradley's motion to dismiss the amended complaint, which was joined by
2 defendant Carranza (#82), she asserts (1) immunity from suits under 42 U.S.C. §§ 1983 and 1985 and
3 (2) that plaintiff's remaining claims are time barred by the statute of limitations. (#61). In the AP
4 Express Defendants' motion to dismiss, which was joined by defendant Michelle Pont (#75) and
5 defendant Bradley (#78), defendants assert that dismissal is appropriate (1) under the anti-SLAPP
6 provisions of NRS, (2) on grounds of immunity, (3) due to plaintiff's claims being time-barred by the
7 statute of limitations, (4) because plaintiff failed to demonstrate how the defendants were acting under
8 color of state law with respect to his § 1983 claim, and (5) because plaintiff is the only individual
9 allegedly affected and he does not belong to a protected class (and does allege that he does) for
10 purposes of his § 1985 claim. (#69).

11   Defendant Carranza's motion to dismiss asserts that plaintiff fails to state a claim for relief
12 against him, because the complaint alleges only (the single time Carranza's name is mentioned) that
13 "Manuel Carranza and other unspecified parties babysit the children while [plaintiff's ex-wife] plays
14 cards all night." (#55 and #72). Defendant Carranza also asserts that since he is not a state actor, and
15 plaintiff does not allege that he is, a claim against him under 42 U.S.C. § 1983 cannot survive. *Lugar*
16 *v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982)(holding that
17 in determining whether a private party's actions constitute "state action" under the Fourteenth
18 Amendment, courts must inquire into whether the party's actions may be "fairly attributable to the
19 State.").

20   After taking a "preliminary peek" into the pending motions to dismiss (#61, #69 and #72), the
21 court finds that staying discovery is warranted. *See, Mlenjnecky*, 2011 WL 489743, at *6. The motions
22 (#61, #69 and #72) could be potentially dispositive of all of plaintiff's claims against the defendants
23 that have appeared in this action. *Id.* Defendants do not raise any factual issues in their motions (#61,
24 #69 and #72), and based on defendants' grounds for dismissal, no discovery is necessary for the court
25 to address and issue a ruling on the motions to dismiss. *Id.* As defendants have demonstrated that the

1  motions are potentially dispositive and that no discovery is needed, entering a protective order staying
2  discovery is appropriate to accomplish the inexpensive and speedy determination of the case. *See,*
3  *Mlenjnecky*, 2011 WL 489743, at *6.  *See also* Fed. R. Civ. P. 1.

4      Accordingly, and for good cause shown,

5      IT IS ORDERED that defendant Shera Bradley's Motion for Protective Order Against Michael
6  Foley and Request for Attorneys' Fees and Costs (#66) and defendants Jeffrey Pont, AP Express, LLC,
7  and AP Express Worldwide, LLC's Motion for Stay of Discovery, Or In the Alternative, Motion for
8  Protective Order and To Quash Subpoena  (#76) are GRANTED in part and DENIED in part, as
9  discussed above.

10      IT IS FURTHER ORDERED that discovery in this action is STAYED pending further order
11  from this court.  Within fifteen (15) days from the entry of the court's rulings on defendants' motions
12  to dismiss (#61, #69 and #72), the remaining parties shall hold a Rule 26(f) conference and file a
13  discovery plan and scheduling order pursuant to LR 26-1(d).

14      DATED this 27th day of June, 2012.

                                                    **CAM FERENBACH**
                                                    **UNITED STATES MAGISTRATE JUDGE**

11