# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL FOLEY,

       Plaintiff(s),

v.

MICHELLE PONT, et al.,

       Defendant(s).

2:11-CV-1769 JCM (VCF)

**ORDER**

Presently before the court is defendant Shera Bradley's motion to dismiss (doc. # 61) and motion to strike (doc. # 99); defendants AP Express, LLC, AP Express Worldwide, LLC, and Jeffrey Pont's ("the AP Express defendants") motion to dismiss (doc. # 69);[1] and defendant Manuel Carranza's motion to dismiss (doc. # 72). Plaintiff Michael Foley has responded to each motion (doc. # 71, 110, 88, 92, respectively) and defendants have replied (doc. # 85, 113, 95, 104, respectively).

**I.  Background**

This case arises out of allegations of conspiracy to deprive plaintiff Michael Foley of his constitutional rights. Plaintiff names the following individuals as part of this alleged conspiracy: Patricia Foley, plaintiff's ex-wife; Patricia Foley's divorce attorneys, naming the firm and the attorneys individually; Michelle Pont, plaintiff's sister; Jeffrey Pont, plaintiff's brother-in-law; the Pont's companies, AP Express, LLC and AP Express Worldwide, LCC; Georgina Stuart, a social

---

[1] Defendants Bradley (doc. # 78) and Michelle Pont (doc. # 75) have joined the AP Express defendants' motion to dismiss. The court considers Bradley's motion independently, (doc. # 61), and includes Michelle Pont in its consideration of the AP Express defendants' motion (doc. # 69).

**James C. Mahan**
**U.S. District Judge**

1  worker at Clark County Department of Family Services; Shera Bradley, a psychologist who
2  performed an evaluation of plaintiff; Manual Carranza and others who used plaintiff's daughter, "E,"
3  in a television commercial and also helped watch plaintiff's children at the request of Patricia Foley.

4        In October 2008, plaintiff's children, "E," "M," and "T," were removed from plaintiff's
5  custody following an investigation by child protective services. Subsequent family court orders have
6  continued to restrict plaintiff's relationship with his children. Plaintiff alleges that Jeffrey and
7  Michelle Pont made misrepresentations to police, child protective services, and family court
8  regarding plaintiff's actions toward his children, specifically "T."

9        In April 2009, during the pendency of family court proceedings, Bradley performed a
10 psychological evaluation of plaintiff. Bradley's report concluded that if "reunification is sought with
11 his children, [plaintiff] should participate in weekly individual psychotherapy to teach him to take
12 responsibility for his actions and to develop more appropriate responses in interpersonal situations."
13 (Doc. # 55, ¶ 77). Plaintiff denies this conclusion.

14       Upon Patricia Foley's obtaining sole custody of "T" and primary custody of "E" and "M,"
15 Carranza watched plaintiff's children while Patricia Foley was not home. Plaintiff alleges that
16 Carranza would stalk and follow plaintiff when plaintiff would spend time with his children. Further,
17 plaintiff alleges that Carranza used "E" in a commercial without plaintiff's permission and that
18 plaintiff and "E" did not receive compensation.

19       On November 4, 2011, plaintiff filed a complaint in this court. (Doc. # 3). On April 4, 2012,
20 the court granted plaintiff leave to amend his complaint. (Doc. # 53). On April 25, 2012, plaintiff
21 filed an amended complaint.[2] (Doc. # 55). The complaint alleges violation of 42 U.S.C. §§ 1983 and
22 1985(3), civil conspiracy, intentional infliction of emotional distress, intentional misrepresentation,
23 defamation, false light, negligence.

24 . . .

25 . . .

---

[2] The filing of this amended complaint moots plaintiff's motion for entry of clerk's default (doc. # 56) as the entry of clerk's default was as to plaintiff's original complaint.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

James C. Mahan
U.S. District Judge

- 3 -

1  the opposing party to defend itself effectively. Second, the factual allegations that are taken as true
2  must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party
3  to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

####   A.   Defendant Shera Bradley (Doc. # 61)[3]

#####     i.   42 U.S.C. § 1983

State law governs the length of limitations period for 42 U.S.C. § 1983 actions. *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993); *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). Nevada's residual statute of limitations for personal injury actions is the statute of limitations applicable to § 1983 actions in Nevada. NEV. REV. STAT. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425 (9th Cir. 1989). Thus, the applicable statute of limitations period for § 1983 claims is two years. *See* NEV. REV. STAT. 11.190(4)(e).

First, it is not clear that plaintiff has alleged a § 1983 claim against Bradley. Page 2 of plaintiff's "civil right's complaint pursuant to 42 U.S.C. § 1983," (doc. # 55), references only two defendants, Jeffrey and Michelle Pont. However, the plaintiff seems to believe that a § 1983 claim has been made against Bradley. While the court normally does not find it necessary to address unalleged claims, provided that plaintiff did not limit his claim to the pro se form pursuant to Local Special Rule 2-1, there is some uncertainty as against whom a § 1983 claim has been alleged. In fairness, the court addresses this claim to the extent it has been alleged against Bradley.

Bradley created the psychological evaluation report in April 2009 (doc. # 55, ¶ 77) but plaintiff did not commence his action until November 2011 (doc. # 3). That is more than 6 months past the time that plaintiff should have brought his § 1983 action. Further, to the extent that Nevada Revised Statute 11.300 tolls the statute of limitations during the time that Bradley may have been out of the state, the court finds that plaintiff's complaint does not allege any facts as to Bradley's

---

[3] The court acknowledges that defendant Carranza joined Bradley's motion to dismiss, (doc. # 82); however, Carranza filed his own motion to dismiss, (doc. # 72), thus the court will address his motion separately.

whereabouts that would warrant tolling of the statute of limitations.[4] Thus, the court finds plaintiff's § 1983 claim is time barred.[5] Finding that amendment would be futile, the court dismisses this claim as to Bradley with prejudice. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### ii.     42 U.S.C. § 1985(3)

To state a claim under § 1985(3), plaintiff must assert that defendant "conspired to deprive plaintiff (or a class of persons of which the plaintiff is a member) of equal protection of the laws, thereby causing injury to him or his property." *Briley v. State of Cal.*, 564 F.2d 849, 858-59 (9th Cir. 1977). Section 1985 is intended to apply to those conspiracies interfering with the rights of others founded upon "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 859.

Here, plaintiff's § 1985(3) claims fails for two reasons. First, plaintiff has presented no case law or other controlling authority extending § 1985(3) to situations involving religious discrimination. The cases plaintiff cited to simply state that the Supreme Court has not excluded § 1985(3) claims based on religious animus per se. *See Griffin v. Breckenridge*, 403 U.S. 88 (1971); *see also United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825 (1983). But within that same vein, the Supreme Court also has *not extended* the statute to protect those subject to religious discrimination. Thus, the court finds that any harm caused to plaintiff on the basis of his religion is not actionable under § 1985(3).

Further, even if religious groups are within the ambit of protection afforded under § 1985(3), plaintiff has not sufficiently pleaded facts to support a claim on this basis. Plaintiff alleges that Bradley's participation in the conspiracy to interfere with plaintiff's civil rights stems from her animus toward Catholics. Plaintiff alleges that Bradley "resents and despises Catholics" (doc. # 55, ¶ 77); however, plaintiff does not sufficiently tie this alleged resentment to the conclusions made in

---

[4] Further, the Nevada Supreme Court has adopted a modern rule that a statute of limitations is not tolled so long as the absent party is otherwise subject to service of process. *Simmons v. Trivelpiece*, 98 Nev. 167, 643 P.2d 1219, 1220 (1982); *see Seely v. Illinois-California Exp., Inc.*, 541 F. Supp. 1307, 1311 (D. Nev. 1982).

[5] The court also acknowledges that defendant offered to dismiss all of his claims barred by a two year statute of limitations, specifically the § 1983 claim. Although plaintiff did not choose to dismiss these claims, such a concession demonstrates that untimeliness of this claim.

1  Bradley's report. Plaintiff's allegations that Bradley has "secular beliefs and lifestyle which promotes
2  promiscuity among women, and freedom from responsibility when exercising women's sexual
3  freedom . . ."(doc. # 55, ¶ 77) is neither sufficient to demonstrate that Bradley harbors hatred or
4  resentment toward Catholics nor establish that this alleged hatred formed the basis of her conclusions
5  in the report.
6        Thus, the court finds plaintiff's § 1985(3) claim fails. The court dismisses this claim as to
7  Bradley with prejudice.

8               **iii.    Supplemental Jurisdiction**

9        In addition to plaintiff's federal claims, plaintiff asserts five state law causes of action against
10  Bradley for civil conspiracy, intentional infliction of emotional distress, intentional
11  misrepresentation, defamation, and false light.
12        Plaintiff's 42 U.S.C. §§ 1983 and 1985(3) claims provide the sole basis for federal subject
13  matter jurisdiction over plaintiff's claims against Bradley. Having dismissed the claims over which
14  the court had original jurisdiction, the court exercises its discretion to decline supplemental
15  jurisdiction over plaintiff's remaining state law causes of action. 28 U.S.C. § 1367(c)(3) ("The
16  district courts *may* decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the
17  district court has dismissed all claims over which it has original jurisdiction.") (emphasis added);
18  *see also Wade v. Regional Credit Association,* 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that
19  "where a district court dismisses a federal claim, leaving only state claims for resolution, it should
20  decline jurisdiction over the state claims and dismiss them without prejudice"); s*ee also United Mine*
21  *Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be
22  avoided both as a matter of comity and to promote justice between the parties, by procuring for them
23  a surer-footed reading of applicable law.").

24               **iv.    Judicial Notice and Motion to Strike (Doc. # 99)**

25        "Generally, a district court may not consider any material beyond the pleadings in ruling on
26  a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint
27  may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
28

James C. Mahan
U.S. District Judge

- 6 -

1  F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are
2  alleged in a complaint and whose authenticity no party questions, but which are not physically
3  attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
4  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d
5  449, 454 (9th Cir. 1994).

6  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack
7  v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers
8  materials outside of the pleadings, the motion to dismiss is converted into a motion for summary
9  judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

10  In Bradley's reply in support of her motion to dismiss, she requested that the court take
11  judicial notice pursuant to Fed. R. Evid. 201 of an order from juvenile court requiring plaintiff to
12  undergo psychological examination. (Doc. # 84). The purpose of this request was related to
13  Bradley's argument that she is entitled to absolute immunity from civil rights claims because she
14  conducted the exam pursuant to court order. (Doc. # 85, 7:14-8:14). Plaintiff subsequently filed a
15  notice of forged document representing to this court that the juvenile court order is a forgery. (Doc.
16  # 87). Bradley filed a motion to strike plaintiff's notice and requested attorneys' fees. (Doc. # 99).

17  "It is well established that '[d]istrict courts have inherent power to control their docket."
18  *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). This
19  includes the power to strike items from the docket as a sanction for litigation conduct. *See, e.g., Lazy
20  Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-88 (9th Cir. 2008).

21  The court dismissed the claims against Bradley on a basis other than immunity and thus
22  declines to take judicial notice of the court order from juvenile court. Therefore, Bradley's request
23  for judicial notice is denied. Further, since the court did not take judicial notice of the juvenile court
24  order, Bradley's motion to strike is denied as moot and the court declines to grant attorneys' fees.
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

**B.     Defendants AP Express, LLC, AP Express Worldwide, LLC, Jeffrey Pont (doc. # 69), Michelle Pont (doc. # 75), and Manuel Carranza (doc. # 72)**

The AP Express defendants filed a special motion to strike, or in the alternative, a motion to dismiss. (Doc. # 69). The court does not find the circumstances presented here appropriate for anti-SLAPP (Strategic Lawsuits Against Public Participation) treatment and thus considers AP Express defendants' motion to dismiss.[6] Michelle Pont joined the AP Express defendants' motion, (doc. # 75), and Carranza also filed a motion dismiss on similar grounds (doc. # 72). Thus, the court considers these motions on behalf of the AP Express defendants, Michelle Pont and Carranza.[7]

**i.     42 U.S.C. § 1983**

**a.     Defendants Jeffrey and Michelle Pont**

In order to state a § 1983 claim against a private party for the conduct of a state official, a plaintiff must allege that the private party exercised some control over the state official's decision. *Franklin v. Fox*, 312 F.3d 423, 445–46 (9th Cir. 2002) (citing *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir.1986)) That is, that the private individual must direct the state actor's action. *Arnold v. IBM Corp.*, 637 F.2d 1350, 1356-58 (9th Cir. 1981). Mere influence over a state actor is insufficient to show control for § 1983 private actor liability. *Id.* at 1357. "Merely complaining to the police does not convert a private party into a state actor."*Collins v. Womancare,* 878 F.2d 1145, 1155 (9th Cir. 1989) (citing *Rivera v. Green,* 775 F.2d 1381, 1382–84 (9th Cir.1985)).

Plaintiff alleges that Jeffrey and Michelle Pont reported plaintiff's purported abuse of "T" to police. And based on this report, Stuart met the Ponts to gather facts and investigate the alleged abuse. (Doc. # 55, ¶ 51). Plaintiff also alleges that Jeffrey and Michelle Pont "coached, manipulated and/or persuaded 'T' to lie about her father and claim that she was abused by him." (Doc. # 55, ¶ 53). Further, plaintiff alleges that the Ponts persuaded family court that plaintiff was abusive. (Doc. # 55,

---

[6] Thus, the court declines to schedule a hearing on the special motion to strike as requested by the AP Express defendants. (*See* doc. # 109).

[7] The court acknowledges that Bradley also joined the AP Express defendants' motion to dismiss. (Doc. # 78). However, the court does not evaluate this motion as to Bradley because the court has considered her motion to dismiss. (*See* doc. # 61).

James C. Mahan
U.S. District Judge

- 8 -

1  ¶ 87). Plaintiff does not, however, allege joint action as required to establish private actor liability
2  under § 1983. Plaintiff does not allege that Jeffrey or Michelle Pont directed or had control over any
3  state official's action.

4  Even if Jeffrey Pont and Michelle Pont's reports to police were false, that "does not convert
5  a private party into a state actor."*Collins,* 878 F.2d at 1155. Here, plaintiff alleges that Stuart did her
6  own investigation and did not blindly follow the Ponts' complaints regarding plaintiff's alleged
7  abusive conduct. *See Smith v. Brookshire Bros.*, 519 F.2d 93, 94 (9th Cir. 1975); *see also* (Doc. #
8  55, ¶¶ 55, 72). Also plaintiff alleges that family court issued several orders in that case before closing
9  the case in 2011; this demonstrates that the family court is forming an independent basis for its
10 opinions. (Doc. # 55, ¶ ¶ 83-84). Thus, the Ponts' furnishing of information to the police, child
11 protective services, and family court does not amount to joint action necessary for a § 1983 claim.

12 The court finds that plaintiff's § 1983 claim fails to allege state action as to Jeffrey and
13 Michelle Pont. Thus, the court dismisses this claim as to the Ponts with prejudice**.**

14 **b.      Defendants AP Express, LLC and AP Express Worldwide, LLC**

15 Similarly to Bradley, it is not clear that plaintiff has alleged a § 1983 claim against AP
16 Express or AP Express Worldwide. Page 2 of plaintiff's "civil right's complaint pursuant to 42
17 U.S.C. § 1983," (doc. # 55), references only two defendants, Jeffrey and Michelle Pont. However,
18 the plaintiff seems to believe that a § 1983 claim has been made against AP Express and AP Express
19 Worldwide. While the court normally does not find it necessary to address unalleged claims,
20 provided that plaintiff did not limit his claim to the pro se form pursuant to Local Special Rule 2-1,
21 there is some uncertainty as against whom a § 1983 claim has been alleged. In fairness, the court
22 addresses this claim to the extent it has been alleged against AP Express and AP Express Worldwide.

23 AP Express and AP Express Worldwide are implicated based only upon Jeffrey and Michelle
24 Pont's culpability under § 1983. Plaintiff alleges that these two companies are owned 50/50 by the
25 Ponts (doc. # 55, ¶ 4) and "are one and the same as Defendants Michelle and Jeffrey Pont . . . " (doc.
26 # 55, ¶ 43). Further, plaintiff alleges that AP Express and AP Express Worldwide "serve as
27 Defendant Jeffrey Pont's 'Piggy Bank' from which he pays personal expenses, including for the
28

**James C. Mahan**
**U.S. District Judge**

- 9 -

support and enabling of family members and other favored individuals" (doc. # 55, ¶ 36) and provide logistical help for Jeffrey Pont and Michelle Pont to prosecute plaintiff (doc. # 55, ¶ 43).

On this basis, plaintiff's § 1983 claim against AP Express and AP Express Worldwide fails for the same reasons plaintiff's § 1983 claim fails against Jeffrey and Michelle Pont. Thus, the court dismisses this claim as to AP Express and AP Express Worldwide with prejudice.

### c. Defendant Manuel Carranza

In Carranza's motion to dismiss, he argues that plaintiff has failed to assert that Carranza is a state actor, a threshold allegation for a § 1983 claim. (Doc. # 72, 4: 14-15). In his opposition to Carranza's motion, plaintiff states that he never brought a § 1983 claim against Carranza. (Doc. # 92, 6:24-27). Thus, the court need not address this claim as to Carranza.

### ii. 42 U.S.C. § 1985(3)

To state a claim under § 1985(3), plaintiff must assert that defendant "conspired to deprive plaintiff (or a class of persons of which the plaintiff is a member) of equal protection of the laws, thereby causing injury to him or his property." *Briley*, 564 F.2d at 858-59. Section 1985 is intended to apply to those conspiracies interfering with the rights of others founded upon "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 859.

Here, plaintiff's § 1985(3) claims fails for the same reasons previously discussed. First, plaintiff has presented no case law or other controlling authority extending § 1985(3) to situations involving religious discrimination. The cases plaintiff cited to simply state that the Supreme Court has not excluded § 1985(3) claims based on religious animus per se. *See Griffin*, 403 U.S. at 88; *see also United Broth. of Carpenters and Joiners of America,* 463 U.S. at 825. But within that same vein, the Supreme Court also has *not extended* the statute to protect those subject to religious discrimination. Thus, the court finds that any harm caused to plaintiff on the basis of his religion is not actionable under § 1985(3).

Further, even if religious groups are within the ambit of protection afforded under § 1985(3), plaintiff has not sufficiently pleaded facts to support a claim on this basis. Plaintiff alleges that defendants' participation in the conspiracy to interfere with plaintiff's civil rights stems from their

**James C. Mahan**
**U.S. District Judge**

- 10 -

animus toward Catholics. Plaintiff alleges that the conspiracy was motivated by "[d]efendants' hatred of Michael and his adherence to his Catholic religious beliefs and practices . . ." (doc. # 55, ¶ 106); however, plaintiff does not sufficiently tie this alleged resentment to the actions taken by defendants to interfere with plaintiff's civil rights. Plaintiff's conclusory allegations are neither sufficient to demonstrate that defendants harbored hatred or resentment toward Catholics nor establish that this alleged hatred motivated their actions as to plaintiff.

Thus, the court finds plaintiff's § 1985(3) claim fails. The court dismisses this claim as to the AP Express defendants, Michelle Pont, and Carranza with prejudice.

### iii. Supplemental Jurisdiction

In addition to plaintiff's federal claims, plaintiff asserts several state law causes of action against the AP Express defendants, Michelle Pont, and Carranza for civil conspiracy, intentional infliction of emotional distress, intentional misrepresentation, defamation, false light, and negligence.

Plaintiff's 42 U.S.C. §§ 1983 and 1985(3) claims provide the sole basis for federal subject matter jurisdiction over plaintiff's claims against the AP Express defendants, Michelle Pont, and Carranza. Having dismissed the claims over which the court had original jurisdiction, the court exercises its discretion to decline supplemental jurisdiction over plaintiff's remaining state law causes of action. 28 U.S.C. § 1367(c)(3).

## IV. Leave to Amend

In his opposition to defendant Bradley's motion to dismiss, plaintiff requested leave to amend. (Doc # 71,11:15-16). Under Rule 15(a)(2) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15. In general, amendment should be allowed with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint, leave to amend should be granted. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

James C. Mahan
U.S. District Judge

Accordingly, the court will afford plaintiff an opportunity to file a motion to amend his complaint. The court reminds plaintiff that if he chooses to amend his complaint, he must comply with the requirements of Local Rule 15-1 and attach the proposed amended complaint to his motion to amend pleadings. Additionally, if the amended complaint is similarly deficient, the court may conclude that further leave to amend would be futile.[8]

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Bradley's motion to dismiss (doc. # 61) be, and the same hereby is, GRANTED. Finding amendment futile, plaintiff's federal civil right claims (42 U.S.C. §§ 1983 and 1985(3)) against Bradley are dismissed with prejudice.

IT IS FURTHER ORDERED that Bradley's motion to strike plaintiff's notice and request for attorneys' fees (doc. # 99) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the AP Express defendants' motion to dismiss (doc. # 69) be, and the same hereby is, GRANTED. Finding amendment futile, plaintiff's federal civil right claims (42 U.S.C. §§ 1983 and 1985(3)) against the AP Express defendants and Michelle Pont are dismissed with prejudice.

IT IS FURTHER ORDERED that Carranza's motion to dismiss (doc. # 72) be, and the same hereby is, GRANTED. Finding amendment futile, plaintiff's federal civil right claims (42 U.S.C. §§ 1983 and 1985(3)) against Carranza are dismissed with prejudice.

IT IS FURTHER ORDERED that defendants Bradley, Michelle Pont, Jeffrey Pont, AP Express, AP Express Worldwide, and Carranza motions to dismiss as to plaintiff's state law claims

---

[8] This court is of limited jurisdiction. Here, there is not complete diversity between plaintiff and defendants as required for subject matter jurisdiction based upon diversity. *See* 28 U.S.C. § 1332. Thus, the sole basis for this court's subject matter jurisdiction of this case is based upon federal question. *See* 28 U.S.C. § 1331. Here, the court has dismissed plaintiff's federal claims against defendants Shera Bradley, Michelle Pont, Jeffrey Pont, AP Express, AP Express Worldwide, and Manuel Carranza *with prejudice*. This means that if plaintiff chooses to amend his complaint in this court, he must either sue only those defendants that are diverse from plaintiff based upon plaintiff's state law claims or sue any defendants based on a federal claim. However, 42 U.S.C. §§ 1983 and 1985(3) cannot be re-alleged against defendants Shera Bradley, Michelle Pont, Jeffrey Pont, AP Express, AP Express Worldwide, and Manuel Carranza.

**James C. Mahan**
**U.S. District Judge**

- 12 -

(doc. # 61, 69, 72) be, and the same hereby are, DENIED as moot as this court declines at present to exercise supplemental jurisdiction over plaintiff's state law claims.

IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, file the motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order. However, the court reminds plaintiff that the federal civil rights claims (42 U.S.C. §§ 1983 and 1985(3)) have been dismissed with prejudice and may not be re-alleged against defendants Bradley, Michelle Pont, Jeffrey Pont, AP Express, AP Express Worldwide, and Carranza.

IT IS FURTHER ORDERED that plaintiff motion for entry of clerk's default (doc. # 56) be, and the same hereby is, DENIED as moot.

DATED October 18, 2012.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 13 -