**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MICHAEL FOLEY,

        Plaintiff,

v.

MICHELLE PONT, *et al.*,

        Defendants.

2:11-cv-01769-ECR -VCF

**O R D E R**

(Motion to Strike #139)

Before the court is defendants AP Express, LLC, AP Express Worldwide, LLC, and Jeffery Pont's (hereinafter "AP Express Defendants") Motion to Strike Plaintiff Michael Foley's Inappropriate Court Filings. (#139). Plaintiff Michael Foley filed an Opposition (#141), and the AP Express Defendants filed a Reply (#144).

**I.   Background**

On November 4, 2011, the court granted plaintiff Foley's motion/application to proceed *in forma pauperis* (#2), the clerk filed the complaint (#3), and summons were issued to the named defendants (#4). On December 27, 2011, the AP Express Defendants, Toni Ann Iantuono, and Dino Iantuono (hereinafter "Iantuono Defendants") filed answers to the complaint. (#8 and #9). On January 11, 2012, defendant Bradley filed a motion to dismiss. (#13). On January 17, 2012, plaintiff filed an answer to the Iantuono Defendants' counterclaim. (#17). On January 18, 2012, defendants Michael Dorantes, Brenda Dorantes, and Patricia Foley filed answers to the complaint. (#18, #19, and #20).

On January 19, 2012, plaintiff filed a motion to amend complaint. (#24). On January 26, 2012, plaintiff filed an opposition to defendant Bradley's motion to dismiss. (#31). On February 1, 2012, defendant Bradley filed a reply in support of her motion to dismiss (#33) and an opposition to plaintiff's motion to amend complaint (#34). The Iantuono Defendants filed a joinder to defendant Bradley's opposition (#35), and plaintiff filed a reply in support of his motion (#37). On February 17, 2012, the

AP Express Defendants filed a discovery plan and scheduling order without plaintiff's participation. (#39). The court signed the discovery plan (#40) and issued an order setting an order to show cause hearing so that plaintiff could show cause why sanctions should not be imposed for his failure to comply with LR 26-1(d) (#41).

The AP Express Defendants and plaintiff filed a joint status report on March 1, 2012, and the court vacated the show cause hearing. (#42 and #43). On March 16, 2012, defendant Michelle Pont filed an answer to the complaint. (#49). On April 4, 2012, the court entered an order denying defendant Bradley's motion to dismiss as moot (#13) and granting plaintiff's motion to amend complaint (#24). (#53). On April 25, 2012, plaintiff filed his amended complaint. (#55). On April 26, 2012, defendant Stuart filed her answer to the complaint (#54), and on May 8, 2012, defendant Stuart filed her answer to the amended complaint (#60).

On May 10, 2012, defendant Bradley filed a motion to dismiss the amended complaint. (#61). On May 15, 2012, Michelle Pont filed a notice of objection to deposition. (#63). On May 16, 2012, defendant Bradley filed a motion for protective order and for attorneys' fees. (#66). On May 25, 2012, the AP Express Defendants filed a motion to strike amended complaint, or in the alternative, to dismiss amended complaint. (#69). Plaintiff filed an opposition to defendant Bradley's motion to dismiss on May 29, 2012. (#71). On the same day, defendant Manuel Carranza filed a motion to dismiss. (#72). On May 30, 2012, defendant Michelle Pont filed a joinder to the AP Express Defendants' motion to strike/dismiss amended complaint (#69). (#75). On May 30, 2012, the AP Express Defendants filed an *emergency* motion to stay discovery, or in the alternative, for a protective order and to quash subpoena. (#76).

On June 4, 2012, defendant Bradley filed a joinder to the AP Express Defendants' motions for stay (#77) and to strike/dismiss (#78). On June 5, 2012, defendant Stuart filed a non-opposition to the AP Express Defendants motion to stay discovery. (#79). On the same day, plaintiff filed an opposition to defendant Bradley's motion for protective order. (#81). On June 6, 2012, defendant Carranza filed

2

a joinder to defendant Bradley's motion to dismiss (#82) and a non-opposition to the AP Express Defendants' motion to stay discovery (#83). On June 7, 2012, Defendant Bradley filed a reply in support of her motion to dismiss. (#85). On June 11, 2012, plaintiff filed an opposition to the AP Express Defendants' motion to strike (#88), and on June 14, 2012, plaintiff filed an opposition to defendant Carranza's motion to dismiss (#92). Defendant Bradley filed an objection to her deposition on June 14, 2012. (#91).

On June 15, 2012, defendant Bradley filed a reply in support of her motion for protective order (#93) and the AP Express Defendants filed a reply in support of their motion to strike (#95). On June 18, 2012, plaintiff filed an opposition to the AP Express Defendants' motion to stay discovery. (#98). On June 19, 2012, the AP Express Defendants filed an objection to plaintiff's second notice of deposition of Jeffrey Pont. (#97).

On June 21, 2012, the AP Express Defendants filed a reply in support of their motion to stay (#102) and defendant Carranza filed a reply in support of his motion to dismiss (#104). On June 27, 2012, the court issued an order granting in part and denying in part defendant Bradley's Motion for Protective Order Against Michael Foley and Request for Attorneys' Fees and Costs (#66) and the AP Express Defendant's Motion for Stay of Discovery, Or In the Alternative, Motion for Protective Order and To Quash Subpoena (#76). (#106). The court stayed the action pending further order from the court, and held that "[w]ithin fifteen (15) days from the entry of the court's rulings on defendants' motions to dismiss (#61, #69 and #72), the remaining parties shall hold a Rule 26(f) conference and file a discovery plan and scheduling order pursuant to LR 26-1(d)." *Id.* On June 27, 2012, plaintiff filed a supplemental response to the AP Express Defendants' motion to strike/dismiss (#69). (#107). On July 2, 2012, the AP Express Defendants filed a surreply to plaintiff's supplemental response (#107). (#109).

On August 7, 2012, defendant Georgina Stuart filed a motion/request for *in camera* inspection (#114) and a motion for summary judgment (#115). Plaintiff Foley file an opposition to the

3

motion/request on August 24, 2012. (#117). The court entered a 4(m) notice of intent to dismiss as to John T Kelleher, Nikki Dupree, and Kelleher & Kelleher. (#118). Plaintiff filed an opposition to defendant Stuart's motion for summary judgment on August 31, 2012. (#120). Defendant Stuart filed a reply in support of her motion/request on September 4, 2012. (#121). On September 14, 2012, plaintiff filed a motion for entry of clerks default (#122) and a request for judicial notice (#123). The clerk entered default as to Juan Carlos Valdes on September 17, 2012. (#124). Defendant Stuart filed a reply in support of her motion for summary judgment on September 17, 2012. (#125). Plaintiff filed a response to the 4(m) notice of intent to dismiss on October 1, 2012. (#129).

Plaintiff filed a motion for declaratory judgment (#131) and a notice of Constitutional Question (#132) on October 2, 2012. Defendant Stuart filed an opposition to the motion for declaratory judgment on October 16, 2012. (#133). The court issued an order on October 18, 2012, granting defendant Bradley's motion to dismiss (#61) *with prejudice,* denying Bradley's motion to strike (#99), granting the AP Express Defendants and Michelle Pont's motion to strike/dismiss (#69) *with prejudice*, granting defendant Carranza's motion to dismiss (#72) *with prejudice*, denying plaintiff's motion for entry of clerk's default (#56), and declining to exercise supplemental jurisdiction over plaintiff's state law claims against defendants Bradley, Michelle Pont, Jeffrey Pont, AP Express, AP Express Worldwide, and Carranza. (#134). On October 19, 2012, plaintiff Foley filed a motion to reconsider the court's order (#134). (#136).

The AP Express Defendants filed the instant motion to strike on November 1, 2012. (#139). Plaintiff filed a second motion for leave to file amended complaint on November 16, 2012. (#140). On November 19, 2012, plaintiff filed an opposition to the motion to strike (#141), and on November 30, 2012, the AP Express Defendants filed a reply in support of their motion to strike (#144).

**II.     Motion To Strike**

    **A.     Arguments**

The AP Express Defendants ask this court to strike several exhibits filed by plaintiff, referring

4

to them collectively as the "Pont Divorce Documents:" (1) Michelle's Declaration (Doc. #88, Ex. 2; and Doc. #98, Ex. 1); (2) Gifts Spreadsheet (Doc. #88, Ex. 3; and Doc. #98, Ex. 1); (3) Attorney Declaration (Doc. #98, Ex. 2); (4) Text Messages (Doc. #131-2, Ex. 2); and (5) Forensic Accounting Spreadsheet(Doc. #131-1, Ex. 1). (#139). The AP Express Defendants also ask this court to strike all or portions of plaintiff's opposition (#141) to the motion to strike. (#144). Each of these documents, except for the plaintiff's opposition (#141), is attached to either plaintiff's opposition to defendants' motion to strike/dismiss complaint (#88), plaintiff's opposition to defendants' motion to stay discovery (#98), or plaintiff's motion for declaratory judgment (#131).

The AP Express defendants assert that these documents should be stricken because (1) they have "no rational bearing on [p]laintiff's claims," (2) the documents are not properly authenticated and are not admissible at trial, (3) the documents are immaterial, scandalous, and contain "inappropriate commentary and dramatic flourishes," (4) the documents prejudice and embarrass defendants, and (5) they negatively reflect on Jeffrey and Michelle Pont's moral character. (#139). Plaintiff opposed the motion (#139), arguing that the documents should not be stricken, as they are relevant and authentic. (#141).

### B.     Relevant Law/Discussion

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Although the court has discretion when deciding motions to strike, striking a pleading is disfavored, as courts view it as a "drastic measure." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)("We review the district court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion."); *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)("Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have

previously held that '[m]otions to strike under Fed .R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'")(citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, *Federal Practice and Procedure*: Civil § 1380 at 783 (1969)).

Motions to strike apply *only* to pleadings, and courts are unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto. *Hrubec v. Nat'l R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993)(denying a motion to strike a motion and its memorandum in support of that motion, holding that "[n]either of the offending items, however, constitutes a pleading."); *Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202 v. Admiral Heating & Ventilation, Inc.*, 94 F.R.D. 300, 304 (N.D. Ill. 1982)(denying a motion to strike when "the offending footnote is in a memorandum, not a pleading."); *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., Inc.*, 747 F. Supp. 1299, 1303 (S.D. Ill. 1990)(denying a motion to strike, holding that the "objection is more like a memorandum of law than a pleading," and that "Federal Rule of Civil Procedure 12(f) does not authorize this Court to strike those arguments."); *Lombard v. MCI Telecommunications Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998)(denying a motion to strike exhibits attached to an opposition to a motion for summary judgment, and holding that the Sixth Circuit has "refused to employ Rule 12(f) to strike an affidavit because 'the rule relates only to pleadings and is inapplicable to other filings.'"). "Pleadings," as defined by the federal rules, include: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(1)-(7).

The AP Express Defendants recognize Rule 12(f)'s limited application, and state that "Rule 12(f) contemplates motion[s] to strike pleadings but not motions and other papers..." (#139). The AP Express Defendants also assert, however, that "it is well established that a district court may strike a party's submission other than pleadings based upon its 'inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] to

6

promulgate and enforce rules for the management of litigation.'" *Id* (citing *Spurlock v. F.B.I.,* 69 F.3d 1010, 1016 (9th Cir. 1995)). While the court in *Spurlock* did make that finding, that action did not in any way involve a motion to strike documents. *Spurlock*, 69 F.3d at 1011. The Ninth Circuit in *Spurlock* addressed whether a District Court erred in requiring the Federal Bureau of Investigation (FBI) to produce certain documents pursuant to the Freedom of Information Act. *Id*. The FBI argued before the Ninth Circuit that the District Court "lacked "inherent" authority to order disclosure of privileged executive branch material," and the Ninth Circuit agreed, supporting its agreement with the quoted language above.[1] *Id* at 1016.

The AP Express Defendants have not provided legal authority[2] for (and the court has not found any) the assertion that courts can use Rule 12(f) to strike documents such as those found here. As the documents the AP Express Defendants seek to strike under Rule 12(f) are the plaintiff's opposition to the motion to strike (#141) (or portions thereof) and attachments to either plaintiff's opposition to defendants' motion to strike/dismiss complaint (#88), plaintiff's opposition to defendants' motion to stay discovery (#98), or plaintiff's motion for declaratory judgment (#131), and none of these documents constitute a ***pleading,*** striking these documents is not appropriate. *See* Fed. R. Civ. P. 7(a)(1)-(7) and 12(f).

---

[1] The *Spurlock* court cited to *Chambers v. NASCO, Inc*., 501 U.S. 32, 76, 111 S. Ct. 2123, 2149, 115 L. Ed. 2d 27 (1991) within the sentence the AP Express Defendants quoted, but that case involved Rule 11 sanctions for frivolous and false filings, and did not address the court striking documents. The court in *Spurlock* also cited to *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985), but that appeal to the Supreme Court did not relate in any way to striking pleadings or other documents, and dealt with whether "a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired."

[2] The AP Express Defendants cite to *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009), but the court there struck statements and references to attachments contained in the plaintiff's ***complaint.*** Defendants also cite to *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002), where the party argued that a hearsay objection to an affidavit attached to a motion for summary judgment was waived because the opponent failed to move to strike the affidavit, and the court ruled that filing an objection to the evidence was sufficient to put the court on notice of the objection. The AP Express Defendants cite to *Allen v. Int'l Tel. & Tel. Corp*., 164 F.R.D. 489, 491 (D. Ariz. 1995) aff'd, 111 F.3d 137 (9th Cir. 1997), where the court addressed striking affidavits in light of Rule 56(c)(4)'s admissibility requirements of an affidavit submitted in support of a motion for summary judgment.

7

Accordingly, and for good cause shown,

IT IS ORDERED that defendants AP Express, LLC, AP Express Worldwide, LLC, and Jeffery Pont's Motion to Strike Plaintiff Michael Foley's Inappropriate Court Filings (#139) is DENIED.

DATED this 28th day of February, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**