UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL FOLEY,

        Plaintiff(s),

v.

MICHELLE PONT, et al.,

        Defendant(s).

2:11-CV-1769 JCM (VCF)

**ORDER**

Presently before the court is plaintiff Michael Foley's ("Foley") motion for reconsideration. (Doc. # 161). Defendants Shera Bradley ("Bradley") and Georgina Stuart ("Stuart") responded. (Docs. # 163, 164, respectively). Plaintiff replied to both responses. (Docs. # 166, 165, respectively).

**I.   Factual Background**

This case arises out of allegations of conspiracy to deprive plaintiff of his constitutional rights. In October 2008, plaintiff's children "E," "M," and "T", were removed from plaintiff's custody following an investigation by child protective services ("CPS"). Subsequent family court orders have continued to restrict plaintiff's relationship with his children. Plaintiff alleges that Stuart, a family child protective services investigator, commenced an investigation and proceedings that resulted in plaintiff's loss of association with his children. Plaintiff argues that in November 2008, Stuart lied and falsified reports to the district attorney about plaintiff's abuse of his daughter, "T". (Doc. # 55, ¶ 32).

**James C. Mahan**
**U.S. District Judge**

In April 2009, during the pendency of family court proceedings, Bradley performed a psychological evaluation of plaintiff. Bradley's report concluded that if "reunification is sought with his children, [plaintiff] should participate in weekly individual psychotherapy to teach him to take responsibility for his actions and to develop more appropriate responses in interpersonal situations." (Doc. # 55, ¶ 77). Plaintiff denies these conclusions.

In a previous order, the court granted Stuart's motion for summary judgment and denied plaintiff's second motion for leave to amend. (Doc. # 160). Plaintiff asks the court to reconsider the court's order regarding both the summary judgment and motion for leave to amend. (Doc. #161).

## II.     Legal Standard

Under Fed.R.Civ.P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 889-90 (listing the same three factors).

A "motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Brown v. Gold*, 378 F. Supp 2d 1280, 1288 (D. Nev. 2005).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

**III.  Discussion**

    **1.  Motion to amend**

Plaintiff seeks reconsideration of the denial of the motion for leave to amend his complaint. (*See* doc. # 161). Plaintiff's proposed second amended complaint alleges conspiracy claims against Bradley. (Doc. # 161). These conspiracy claims are federal claims which the court has already dismissed against Bradley *with prejudice*. (Doc. #160). Plaintiff urges the court to reconsider these claims as alleged against Bradley. (Doc. # 161).

Plaintiff cannot seek reconsideration of claims that have been dismissed with prejudice. Plaintiff's proposed second amended complaint is defective because of the inclusion of these claims. The court declines to reconsider even potentially viable claims because the proposed second amendment complaint failed to follow this court's order and included claims that were not permitted to be re-alleged.

Additionally, plaintiff has not brought forth any new evidence relating to the conspiracy claims and has not pointed to any intervening change in the controlling law. Therefore, the court does not find that plaintiff has met the requisite standard to warrant reconsideration of this court's prior order.

    **2.  Motion for summary judgment**

Plaintiff argues that there is an issue of material fact as to whether his child, "T", was actually physically injured. (*See* doc. # 161). Plaintiff argues this issue of material fact precludes the grant of summary judgment in favor of Stuart. (*Id.*).

At summary judgment, plaintiff did not contradict the facts the court relied upon in granting summary judgment in favor of Stuart. (*See* Doc. # 120). Because these facts were not disputed by plaintiff, and because plaintiff does not present any newly discovered evidence in his motion for reconsideration (doc. # 161), the facts *remain* undisputed–leaving no genuine issue of material fact to preclude finding in favor of Stuart. And although, plaintiff alleged that Stuart was bribed by the Ponts to launch the CPS investigation into plaintiff's conduct, there was no factual support for these allegations.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Because the court is not presented with any new evidence and because there has not been any intervening change in controlling law, the court finds reconsideration of the order as to summary judgment in favor of Stuart unwarranted.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Michael Foley's motion for reconsideration (doc. # 161) be, and the same hereby, is DENIED.

DATED June 18, 2013.

_____
**UNITED STATES DISTRICT JUDGE**